# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-769V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
CLIFTON C. EASTIN, as Personal Representative  *
of the Estate of BETTY A. EASTIN, deceased,    *
                                               *   Filed: July 15, 2014
                 Petitioner,                   *
                                               *   Decision by Stipulation; Damages;
        v.                                     *   Influenza (Flu) Vaccine;
                                               *   Guillain-Barre Syndrome (GBS);
                                               *   Death
SECRETARY OF HEALTH AND                        *
HUMAN SERVICES,                                *
                                               *
                 Respondent.                   *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Danielle A. Strait*, Maglio, Christopher & Toale, PA, Washington, DC, for Petitioner.

*Claudia B. Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 3, 2013, Petitioner Clifton Eastin as the personal Representative of the Estate of Betty Eastin filed an action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2]. Petitioner alleges that Mrs. Eastin suffered

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine and that Mrs. Eastin's death was a sequela of her vaccine-caused GBS.

Respondent denies that Mrs. Eastin's GBS, death, or any related medical problems were caused by her receipt of the flu vaccine. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed July 14, 2014 that the issues before them can be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a) A lump sum of $275,000.00, in the form of a check payable to petitioner as legal representative of the Estate of Betty A. Eastin. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing notice(s) renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CLIFTON C. EASTIN, as Personal Representative of the Estate of BETTY A. EASTIN, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 13-769V<br>Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Clifton C. Eastin ("petitioner"), as the Personal Representative of the Estate of Betty A. Eastin ("Mrs. Eastin"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mrs. Eastin's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mrs. Eastin received the flu vaccine on October 3, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mrs. Eastin suffered Guillain-Barré Syndrome ("GBS"). Mrs. Eastin passed away on October 18, 2012. Petitioner further alleges that Mrs. Eastin's death was the sequela of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mrs. Eastin as a result of her alleged condition or her death.

6. Respondent denies that the flu vaccine caused Mrs. Eastin's alleged GBS, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $275,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Betty A. Eastin. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Betty A. Eastin under the laws of the State of Nebraska. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Betty A. Eastin. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Betty A. Eastin at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Betty A. Eastin upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as the Personal Representative of the Estate of Betty A. Eastin, on behalf of Mrs. Eastin's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mrs.

Eastin resulting from, or alleged to have resulted from, the flu vaccine administered on October 3, 2012, as alleged in a Petition filed on October 3, 2013, in the United States Court of Federal Claims as petition No. 13-769V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mrs. Eastin's alleged GBS, any other injury, or her death.

17. All rights and obligations of petitioner in his capacity as the Personal Representative of the Estate of Betty A. Eastin shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

Respectfully submitted,

PETITIONER:

_____
CLIFTON C. EASTIN

ATTORNEY OF RECORD FOR
PETITIONER:

_____
DANIELLE A. STRAIT
MAGLIO CHIRSTOPHER & TOALE, PA
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
Tel: (941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

_____ F.R.
MELISSA A. HOUSTON, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

DATE: 7-14-14